IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cycling Sports Group, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-5471 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| The Partnerships and Unincorporated Partnerships Identified on Schedule "A," | ) ) | |
| | ) | |
| Defendants. | ) ) | |

**AMENDED PRELIMINARY INJUNCTION ORDER**

Plaintiff Cycling Sports Group, Inc. filed a Motion for Entry of Preliminary Injunction, alleging infringements of the CANNONDALE Trademarks (defined below) by counterfeiters overseas. Specifically, Plaintiff alleges that Defendants offer to sell, and do sell, counterfeit CANNONDALE products on various webstores. Plaintiff further alleges that Defendants are not authorized to use the CANNONDALE Trademarks, and that Plaintiff is suffering injury through the unauthorized use. Plaintiff supported its motion with declarations and accompanying exhibits. After reading the materials submitted by Plaintiff, the Court hereby GRANTS Plaintiff's Motion for Entry of Preliminary Injunction against the Defendants listed in the attached Schedule A (collectively, the "Defendants").

This Court hereby finds (at least without an adversarial presentation) that it has personal jurisdiction over the Defendants because they directly target their business activities toward consumers in the United States, including consumers in the jurisdiction of the Northern District of Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by

operating one or more commercial internet webstores through which Illinois residents can purchase products bearing counterfeit versions of the CANNONDALE Trademarks.

This Court finds that injunctive relief is warranted under Federal Rule of Civil Procedure 65, and that Plaintiff has made a *prima facie* showing that satisfies the requirements for a preliminary injunction. Plaintiff has submitted evidence establishing that (1) Plaintiff has a likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) Plaintiff will suffer irreparable harm if the injunction is not granted. Specifically, Plaintiff has proved a *prima facie* case of trademark infringement because (1) the CANNONDALE Trademarks are distinctive and registered with the U.S. Patent and Trademark Office; (2) Defendants are not licensed or authorized to use the CANNONDALE Trademarks; and (3) Defendants' unauthorized use of the CANNONDALE Trademarks is causing a likelihood of confusion as to the origin or sponsorship of the goods. Defendants' continued and unauthorized use of the CANNONDALE Trademarks irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such injuries, and therefore Plaintiff has an inadequate remedy at law. Moreover, entry of this Preliminary Injunction will dispel the confusion caused by Defendants' actions, and thus will benefit the public.

The Court orders as follows:

1. Defendants, their officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are preliminarily enjoined and restrained from:

    a. using the trademarks bearing U.S. Registration Nos. 2258778, 2531404, 3904530, 4576919, and 4316187 (the "CANNONDALE Trademarks") or any

reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Cycling Sports Group product or not authorized by Plaintiff to be sold in connection with the CANNONDALE Trademarks;

b.   passing off, inducing, or enabling others to sell or pass off any product as a genuine Cycling Sports Group product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of and approved by Plaintiff for sale under the CANNONDALE Trademarks;

c.   committing any acts calculated to cause consumers to believe that Defendants' counterfeit products are those sold under the authorization, control, or supervision of Cycling Sports Group, or are sponsored by, approved by, or otherwise connected with Cycling Sports Group;

d.   infringing the CANNONDALE Trademarks and damaging Plaintiff's goodwill;

e.   competing unfairly with Plaintiff in any manner;

f.   manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear the CANNONDALE Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof; and

    g. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the infringing web stores, websites, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell counterfeit products.

  2. Defendants, their officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are preliminarily enjoined and restrained from moving, removing, destroying, or otherwise disposing of any items, documents, computer files, electronic files, business records, or merchandise relating to (a) the counterfeit products; (b) any of Defendants' infringing websites; (c) any of Defendants' assets or operations; or (d) the manufacture, acquisition, purchase, distribution, or sale of Defendants' counterfeit products or any reproduction, copy, or colorable imitation of the CANNONDALE Trademarks.

  3. Each Defendant, within fourteen (14) days after receiving notice of this Order or the original Preliminary Injunction Order dated October 8, 2019 (whichever is sooner) (including notice by email), shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address; (b) all websites and online marketplace accounts on any platform that they own and/or operate; (c) their financial accounts, including but not limited to all AliExpress, Alibaba, Wish, PayPal, Western Union, Payoneer, and Worldfirst accounts; and (d) the steps taken by each Defendant to comply with paragraphs 1(a)–(g) and 2, above.

  4. Plaintiff may immediately commence discovery by providing actual notice of this Order and serving a discovery request consistent with the Federal Rules of Civil Procedure to any of the following parties: (a) Defendants, their officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them; (b) any banks, savings and loan associations, payment processors or other financial institutions, including

without limitation AliExpress, AliBaba, Wish, PayPal, Inc., Western Union, Payoneer, Worldfirst, or Bill.com, or other merchant account providers, payment providers, third-party processors, or credit card associations (e.g., MasterCard and VISA) that receive payments or hold assets on Defendants' behalf; and (c) any third-party service providers, including without limitation ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars, domain name registries, or online third-party sellers who have provided services for Defendants. The Court authorizes Plaintiff to serve discovery requests on the Defendants by email.

5. Defendants, their officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them who have actual notice of this Order are preliminarily restrained and enjoined from transferring or disposing of any money or any of the Defendants' other assets until further ordered by this Court.

6. AliExpress, Alibaba, Wish, and their affiliates shall, within two (2) business days of receipt of this Order or the original Preliminary Injunction Order dated October 8, 2019 (whichever is sooner), block any money transfers and funds from being transferred by the Defendants identified in the attached Schedule A until further ordered by this Court.

7. PayPal, Inc., Payoneer, Worldfirst, and Bill.com ("Payment Processors") shall, within two (2) business days of receipt of this Order or the original Preliminary Injunction Order dated October 8, 2019 (whichever is sooner), for any Defendant or any of Defendants' infringing websites:

      a. locate all accounts and funds connected to Defendants and the infringing websites, including but not limited to any Payment Processor accounts connected to the information listed in the attached Schedule A; and

    b.  restrain and enjoin any such accounts or funds that are based in foreign jurisdictions, including but not limited to China and Hong Kong, from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

 8. Any banks, savings and loan associations, payment processors, or other financial institutions for any Defendant or any of Defendants' infringing websites shall within two (2) business days of receipt of this Order or the original Preliminary Injunction Order dated October 8, 2019 (whichever is sooner):

    a.  locate all accounts and funds connected to Defendants and the infringing websites, including but not limited to any financial accounts connected to the information listed in the attached Schedule A; and

    b.  restrain and enjoin any such accounts or funds that are based in foreign jurisdictions, including but not limited to China and Hong Kong, from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

 9. This Order shall apply to the infringing web stores identified in the attached Schedule A. The Court may amend this Order to apply to any other web stores properly brought to this Court's attention by sworn affidavit from Plaintiff verifying that Defendants are using the web stores to counterfeit the CANNONDALE Trademarks and/or unfairly compete with Plaintiff in connection with search engine results pages.

 10. Upon written notice to Plaintiff as provided in the Local Rules, any Defendant may appear and move to dissolve or modify this Order upon an appropriate evidentiary showing by Defendant.

11. The following previously sealed documents are hereby unsealed: "Schedule A to Complaint" (Dckt. No. 2), "Exhibit 1 to Declaration of David Gulbransen" (Dckt. No. 12), and "Sealed Order" (Dckt. No. 17).

12. The $10,000 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

Date: October 11, 2019

Steven C. Seeger
United States District Judge

**Schedule A**

| Doe # | Marketplace | merchant_name | merchant_id |
|---|---|---|---|
| 1 | Wish | peloman | 57e4ab6f93459701633b6d36 |
| 2 | Wish | peilongman | 59bf405e50df6166f129fe3e |
| 3 | Wish | prisonbreak | 585cb319c4b6ef51ce7b34fb |
| 4 | Wish | guguchan | 594501dfee510c3caeb999c6 |
| 5 | Wish | rsrzrcj8023 | 58328c8b0299bc4f7a9113e9 |
| 6 | Wish | youdiantian | 57b6c449042d5152edc303bb |
| 7 | Wish | supervirtue | 5a9f8b8081260b1d6f8b1f14 |
| 8 | Wish | boshitun | 5a621edb1e7f7505b5dac60e |
| 9 | Wish | lavenderhai | 5aaff4d32c49562ff4f4b3f0 |
| 10 | Wish | sabakugaara | 58e0b22a1c7bce355b0e26ec |
| 11 | Wish | smallyuejia | 593217737fe24165447cfea9 |
| 12 | Wish | verypurchase | 57b15303c676b3573ba2c612 |
| 13 | Wish | sunhua88 | 5a9fcd7908a2243274137a07 |
| 14 | Wish | berebirth | 5abda4a942159558d837008d |
| 15 | Wish | chenchao9089063 | 5abe651181260b1ed8713697 |
| 16 | Wish | mbhokvcfashionstore | 541c420182b9ac28c0504b6d |
| 17 | Wish | wxiaohongseller | 59d4f53ab77173033d8371e7 |
| 18 | Wish | junxiashop | 53fa93d6104dae5b32620e59 |
| 19 | Wish | huiyaojiaju | 5ae90ffd71bceb1f98711a0f |
| 20 | Wish | duhretstore | 541c6c537541ce7745294b15 |
| 21 | Wish | wujava | 5a311b07da6ce626eb533e94 |
| 22 | Wish | zhangguoxiong999 | 5aa1353b7c27687f547e100f |
| 23 | Wish | wangwen588 | 5aa0ae59c989496cd6b7d0b6 |
| 24 | Wish | chenzhixiong18096 | 5abfb8189722332d793de153 |
| 25 | Wish | tongyuantong | 5aebeb422cb7016c74e5754a |
| 26 | Wish | abuboo | 5b4ea253b847722312f321b2 |
| 27 | Wish | huslkongqi | 5ab0d4e6417cee4a85790fa7 |
| 28 | Wish | asyanguo9880560 | 5aa277cebeed123794b20088 |
| 29 | Wish | qiulingfashion | 540ffdc07a9eb4252af19f05 |
| 30 | Wish | efagvcfriday | 54202e79f8abc805fd2ca9db |
| 31 | Wish | changdufashion | 540d0a65c5c246307019e46f |
| 32 | Wish | xulaifashion | 540c0e3a1d2d4312997a77f7 |
| 33 | Wish | quanminjiayou | 5ae0300f1c256d083d43ed92 |
| 34 | Wish | ziqiangzili | 5ae024549d5e971738f91438 |
| 35 | Wish | jiangjin123 | 5a1f9a817b584e5d34852e79 |
| 36 | Wish | shenghuozililzhenhao | 5adff0c91c256d67e4d9cfaa |
| 37 | Wish | tianyafashion | 540bca2a7a9eb4397d921b1e |
| 38 | Wish | sarmhraaq | 5add979f15511a08f9bdccd5 |
| 39 | Wish | chenhaodong99 | 5adc073a4215955456b747a9 |
| 40 | Aliexpress | Felicidad Fu's store | 343306 |
| 41 | Aliexpress | JAVA GIANT FOURIERS TSUNAMI BIKE Store | 1075412 |
| 42 | Aliexpress | J&C Golden Store | 1503322 |
| 43 | Aliexpress | Sports goods stores | 1553015 |
| 44 | Aliexpress | xuan de store | 1705181 |
| 45 | Aliexpress | wanwin88 | 1982249 |
| 46 | Aliexpress | velosa Official Store | 2838031 |
| 47 | Aliexpress | SBZ Store | 4185009 |
| 48 | Aliexpress | lijian05 Store | 4666055 |

| 49 | Aliexpress | ASTANA Store | 4805159 |
| 50 | Alibaba | angelol | angelol |
| 51 | Alibaba | jsd-xm | jsd-xm |
| 52 | Alibaba | dmagbearing | dmagbearing |
| 53 | Alibaba | dikesen | dikesen |